UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE  DIVISION

| | |
|---|---|
| Bellot | Civil Action No. 15-00140 |
| versus | Magistrate Judge Carol B. Whitehurst |
| Marine Surveys, L.L.C. | By Consent of the Parties |

**MEMORANDUM RULING**

Before the Court are cross Motions for Summary Judgment on the Issue of Plaintiff's Seaman Status filed by plaintiff, Steven Bellot, [Rec. Doc. 29] and Defendant, Marine Surveys, LLC's ("Marine Surveys") [Rec. Doc. 43], both parties' oppositions [Rec. Docs. 39; 45] and both parties' replies [Rec. Doc. 42; 48]. For the reasons that follow, the Motions will be denied.

*Factual and Procedural Background*

This action arises from a claim under the General Maritime Law for unpaid wages filed by Plaintiff, Steven Bellot, against his employer, Marine Surveys, L.L.C. ("Marine Surveys").  Bellot worked aboard vessels owned, operated and/or chartered by Marine Surveys from February 16, 2011 to September 8, 2014. During his employment with Marine Surveys, Bellot performed offshore seismic survey work for oil companies. *R. 39, Exh. 1, Bellot Dep.,pp. 39-40.* Bellot states in his affidavit that from December 13, 2013 through March 12, 2014 he worked for Marine Surveys off

the Nigerian coast aboard the M/V OMAR MESHACK. *R. 29, Exh. C, Bellot aff.* He further states that Marine Surveys assigned Bellot a second tour in Nigeria from June 6, 2014 to September 8, 2014 at which time he worked on the M/V PRINCESS GERTRUDE. *Id.* As the Field Project Manager, Plaintiff's job was to direct the vessels where they would conduct surveys or otherwise work. *Id.* Marine Surverys confirmed that its Nigerian company, Silvetti Marine Surveys Ltd., chartered both Nigeria vessels for the work performed in Nigeria. *R. 16, Exh. B, Silvetti Aff.* Silvetti further confirms that both vessels were owned by Nigeria companies. *Id.*

Plaintiff alleges that although he earned a total of $190,400.00 in wages between December 12, 2013 and September 8, 2014, Marine Surveys only paid him a total of $66,000.00. On January 5, 2015, Bellot made written demand upon the members of Marine Surveys, for payment of past due seaman's wages totaling $124,400.00. On January 26, 2015, Bellot filed this action for payment of past due seaman's wages under 46 U.S.C. §10313 and the General Maritime Law, specifically stating "an admiralty or maritime claim within the meaning of Rule 9(h) and supplemental rules for admiralty and maritime claims." *R. 1*. Marine Surveys filed an answer and counter-claim contending it loaned $67,021.08 to Bellot, and as a result of the loan, Bellot is indebted to Marine Surveys in the approximate amount of $27,106.38, plus interest.

Plaintiff filed his Motion for Summary Judgment on July 20, 2015 asserting that he is a seaman for purposes of bringing a wage claim under 46 U.S.C. § 10313. On August 14, 2015, the parties consented to trial before the undersigned Judge and the Motion was reassigned to this Court. *R. 36*. Thereafter, on October 1, 2015, Marine Surveys filed a cross Motion for Summary Judgment as to Plaintiff's seaman status. On November 5, 2015, in a telephone conference with the parties, the Court issued an order directing the parties to brief whether or not Plaintiff's claims under 46 U.S.C. §10301, *et seq*, specifically § 10313, confer jurisdiction on the Court. *R. 51*.

## II. Summary Judgment Standard

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Under Rule 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see Stahl v. Novartis Pharms. Corp.*, 283 F.3d 254, 263 (5th Cir.2002). The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact but need not negate the elements of the nonmovant's case. *Exxon Corp. v. Oxxford Clothes XX, Inc.*, 109 F.3d 1070, 1074 (5th

Cir.1997). When the moving party, has met its Rule 56(c) burden, the nonmoving party, cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. "[T]he nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir.2004).

## III. Analysis

*1. Whether The Court Has Jurisdiction Under 46 U.S.C. §§ 10301, et seq*.

Plaintiff claims he is entitled to unpaid wages and penalties under Title 46 of the United States Code Section 10313. Chapter 103 of Title 46, Shipping, contains a wage penalty provision which allows recovery of back wages and a penalty of two days wages for each day the employer is late. These statutory provisions are intended to protect seamen from harsh and unscrupulous actions by employers. *Castillo v. Spiliada Maritime Corp*., 937 F.2d 240, 243 (5th Cir.1991). Additionally, these statutes are designed to prevent, by their coercive effect, arbitrary refusals to pay wages and to induce prompt payment when payment is possible. *Griffin v. Oceanic Contractors, Inc*., 458 U.S. 564, 572 (1982).

46 U.S.C. § 10101 provides the applicable definitions for Chapter 103 and specifically states, "(3) 'seaman' means an individual (except scientific personnel, a

4

sailing school instructor, or a sailing school student) engaged or employed in any capacity on board a vessel." The reasoning behind § 10101's exclusion of crew members engaged in oceanographic research is that, prior to 1965, some scientific personnel were considered a member of the crew because they contributed to the mission of the vessel even though their duties were scientific in nature. Those scientific personnel who could not be considered crewmen were classified as passengers under the general laws relative to passenger vessels. Finding that these requirements hampered the operation of such research vessels, Congress enacted the Oceanographic Research Vessels Act, 46 U.S.C. §§ 441-445 (ORVA). The statute defines an "oceanographic research vessel" (O.R.V.) as a "vessel which the Secretary of the department in which the Coast Guard is operating finds is being employed exclusively in instruction in oceanography or limnology, or both, or exclusively in oceanographic research, including, but not limited to, such studies pertaining to the sea as seismic, gravity meter and magnetic exploration and other marine geophysical or geological surveys, atmospheric research, and biological research." 46 U.S.C. Sec. 441.

Wage statute 46 U.S.C. § 10313 protects seamen on foreign and intercoastal voyages. *Solvang v. M/T Plan Kristine*, 1993 WL 666703, at *5 (S.D.Tex.,1993). The scope of foreign and intercoastal voyages is defined in 46 U.S.C. § 10301, *Id.*, which

states in pertinent part:

a) Except as otherwise specifically provided, this chapter applies to a vessel of the United States—

> 1) on a voyage between a port of the United States and a port in a foreign country (except a port in Canada, Mexico, or the West Indies); or
> 2) of at least 75 gross tons on a voyage between a port of the United States on the Atlantic Ocean and a port of the United States on the Pacific Ocean.

. . .

(c) Unless otherwise provided, this chapter does not apply to a foreign vessel.

46 U.S.C. § 10301.

In light of Plaintiff's wage claim allegations that his work as a seaman conducting scientific seismic surveys was aboard Nigerian vessels, Plaintiff was ordered to brief whether or not this Court has jurisdiction under the above statutory language related to 46 U.S.C.§ 10313. That is, whether Plaintiff is precluded from being a "seaman" and/or whether the "Nigerian vessels" were "foreign vessels," such that his claims under Chapter 301 must be dismissed. The Court further ordered Marine Surveys to respond to Plaintiff's brief.

In their responses, both parties agree that the ORVA does not preclude Plaintiff's alleged seaman status because neither the M/V OMAS MESHACK nor the M/V PRINCESS GERTRUDE were designated as "oceanographic research vessels" by the United States Coast Guard. Thus, Plaintiff is not precluded from alleging that

he is a "seaman" for purposes of Chapter 301.

The parties further agree, however, that the vessels at issue in Plaintiff's wage claim were Nigerian, and therefore are excluded as "foreign vessels" under § 10301(c). Also, as provided by Marine Surveys, the vessels do not meet the voyage requirements for the foreign vessel exception under § 10301(a) as they were not "on a voyage between a port of the United States and a port in a foreign country," nor "on a voyage between a port of the United States on the Atlantic Ocean and a port of the United States on the Pacific Ocean." 46 U.S.C. § 10301(a). Thus, as the work at issue was on foreign vessels, Plaintiff's wage claims under Chapter 301, in particular 46 U.S.C. § 10313, must be dismissed.[1]

While Plaintiff does not have a cause of action under 46 U.S.C. § 10301, *et seq.*, he also alleges his wage "claim is an admiralty or maritime claim within the meaning of Rule 9(h) and supplemental rules for admiralty and maritime claims." *R. 1*. The Court agrees with Marine Surveys' suggestion that "the contract of hire between Bellot and Marine Surveys would seem to be a maritime contract" and if so "this Court would have maritime jurisdiction over the claim." *R. 53, p. 5*. The Court does not agree, however, with Marine Surveys' statement that Plaintiff must be "a

---

[1] Plaintiff's original claim under § 10302, "Shipping articles agreements, and his recent contention that he has a claim under § 10314, "Advances," are also precluded based on the foreign vessel exclusion in § 10301 as well as § 10314.

seaman" under its Jones Act analysis in order for a maritime contract to exist.[2] *Id.*

The right to wages arises out of the contract of employment. A contractual dispute invokes admiralty jurisdiction when the underlying contract is a maritime contract. *See J.A.R., Inc. v. M/V Lady Lucille*, 963 F.2d 96, 98 (5th Cir.1992). "A maritime contract is '[a] contract relating to a ship in its use as such, or to commerce or navigation on navigable waters, or to transportation by sea or to maritime employment[.]'" *Id.* (quoting 1 E. Jhirad, A. Sann, B. Chase & M. Chynsky, *Benedict on Admiralty*, § 183, at 11–6 (7th ed. 1985).

In *Akers v. Shaw Environmental, Inc.*, 2010 WL 3523046, at *3 (W.D.La.,2010), the court distinguished between a claim based on a maritime employment agreement and a Jones Act claim. The court noted the defendants' statement that "the employment must be performed aboard or for the direct benefit of a vessel in navigation" had added "an additional requirement to a contract for maritime employment." *Id.* Quoting the "plain language of Benedict on Admiralty" cited above, *Benedict on Admiralty*, § 183, at 11–6, the *Akers'* court stated, "defendants appear to have conflated the test for Jones Act seaman status with maritime employment."[3]

---

[2] In order for Plaintiff to establish a claim under 46 U.S.C. § 10301, *et seq.* he was required to be a "seaman."

[3] The court noted the test articulated in *Chandris, Inc. v. Latsis,* 515 U.S. 347, 368 (1995), to determine whether a plaintiff is a seaman under the Jones Act rather than a land-based employee is, "First, ... an employee's duties must 'contribut[e] to the function of the vessel or to the

In the Fifth Circuit, when determining whether a contract is maritime or non-maritime a court should engage in a "fact-specific inquiry" by applying the six-factor test set forth in *Davis and Sons, Inc. v. Gulf Oil Corp.*:

> 1) what does the specific work order in effect at the time of injury provide? 2) what work did the crew assigned under the work order actually do? 3) was the crew assigned to work aboard a vessel in navigable waters? 4) to what extent did the work being done relate to the mission of that vessel? 5) what was the principal work of the injured worker? and 6) what work was the injured worker actually doing at the time of injury?

919 F.2d 313, 316 (5th Cir.1990); *see also Hoda v. Rowan Companies, Inc.*, 419 F.3d 379, 381 (5th Cir.2005).

Based on the Court's determination that Plaintiff's claims under 46 U.S.C. § 10301, *et seq* must be dismissed, the Court will deny the parties' cross motions for summary judgment as to whether or not Plaintiff is a seaman with regard to those statutes. The Court will also allow Plaintiff to amend his Complaint in order to plead the factual allegations in support of his "admiralty or maritime claim."

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE

---

accomplishment of its mission.' . . . Second, and most important for our purposes here, a seaman must have a connection to a vessel in navigation (or to an identifiable group of such vessels) that is substantial in terms of both its duration and its nature."