UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Bellot                                                               Civil Action No. 6:15-cv-00140

versus                                                  Magistrate Judge Carol B. Whitehurst

Marine Surveys, LLC                            By Consent of the Parties

**JUDGMENT**

Before the Court is Marine Surveys, LLC ("Marine Surveys") Motion For New Trial And/Or Alter And/Or Amend Judgment And Request For Oral Arguments [Rec. Doc. 77] and Plaintiff, Steven Bellot's, Opposition thereto [Rec. Doc. 81]. The Court has previously indicated that Oral Argument will not be necessary. *R. 82*.

*I. Background*

This matter was brought before the Court upon consent of the parties for a non-jury trial on February 1, 2016. After thorough consideration of the testimony and the evidence, on February 11, 2016, the Court entered judgment in favor of Plaintiff, Steven Bellot, and against defendant, Marine Surveys LLC for damages in the sum of $107,300.38 in unpaid wages. *R. 76*. Marine Surveys timely filed this Motion on March 10, 2016, 28 days later.

*II. Legal Standard*

Rule 59(a)(1)(B) specifies that following a non-jury trial, a motion for new trial may be advanced "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. 59(a)(1)(B). "Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. These motions cannot be used to raise arguments which could, and

should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory." *Naquin v. Elevating Boats, L.L.C.*, 2016 WL 1138516, at *4 (5th Cir. 2016) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). A "manifest error" is one that "is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Bank One, Texas, N.A. v. FDIC*, 16 F. Supp. 2d 698, 713 (N.D. Tex.1998) ("a manifest error is an obvious mistake or departure from the truth"). On these grounds, the Fifth Circuit has recognized that a new trial may be warranted when "the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985) (citations omitted).

Thus, "[c]ourts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking new trial." *Sibley v. Lemaire*, 184 F.3d 481, 487 (5th Cir. 1999). The decision whether to grant a new trial under Rule 59(a) is left to the sound discretion of the trial judge, and the court's authority is large. *In re Omega Protein, Inc.*, No. 04CV2071, 2007 WL 1974309, *2 (W.D. La. July 2, 2007) (citing *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415. 433 (1996)).

*III. Analysis*

Marine Surveys first contends that the Court should deduct from Plaintiff's Judgment the amount of $18,638.15 in state, federal, social security and Medicare taxes ("Payroll taxes") it paid on behalf of Plaintiff in 2014.  Marine Surveys cites trial Exhibits 1(a)–(e), 2 and 16.

In entering the February 11, 2016 Judgment, the Court considered that Plaintiff conceded at trial that he received $54,050.00, which represented a partial payment of his gross salary, as provided in Exhibit 2. While there was testimony from Plaintiff and Marianne Voorhies that Payroll taxes were not always deducted,[1] the Court considered Exhibit 2 and Exhibit 16 evidencing Payroll deductions from the checks issued in Exhibits 1 (a)–(e) as well as deductions from Marine Surveys' bank account. Based on the foregoing evidence, the Judgment reflected a full credit to Marine Surveys of **$54,050.00**, the net amount of Plaintiff's partial earnings **plus** $18,638.15 in Payroll taxes Plaintiff now requests.[2] Thus, Marine Surveys' argument is moot, as the Court has already credited Marine Surveys the amount requested in the motion.

Marine Surveys further contends that the Judgment should be credited with the amounts of "loans" and "advances" made to Plaintiff from 2011 through 2014 in the amount of $27,241.69. Marine Surveys concedes that the Judgment reflects credit for loans/advances in the amount of $13,500.00, as evidenced in Exhibits 4(a)–(f), but asserts that the Court should also recognize credit for the remaining amount of $13,741.69 as provided in Exhibits 5 and 7(a)–(g).

---

[1] Voorhies testified that although she computed Payroll taxes on Plaintiff's later earnings unpaid by Marine Surveys, she never sent payment of those deductions to "the governing agencies."

[2] Upon reviewing the transcript of its finding of facts and conclusions of law, the Court inadvertently misstated that the "$54,050.00 represented some payments of Plaintiff's base salary **minus** Payroll tax withholdings" when in fact it **included** the $18,638.15 in Payroll tax deductions. Nonetheless, the amount of the Judgment reflected the Court's deduction of the full $54,050.00 from the $175,300.00 Marine Surveys owed Plaintiff in unpaid payroll checks.

The Court held that because Plaintiff conceded he had received loans in the amount of $13,500.00, as evidenced by Exhibits 4(a)–(f), the Judgment would reflect such credit. As to the remaining contentions, the Court held a full, evidentiary bench trial in which it thoroughly examined and considered the cited exhibits introduced at trial in its ruling. The Court held that Marine Surveys failed to prove that the amounts for which it now requests credit were either not re-paid by Plaintiff through various payroll deductions, or were not loans (the Court finding they "were more akin to gifts"). *R. 76.* Marine Surveys now asks that the Court change its mind—which the Court will not do.

In its next contention, Marine Surveys states, "[a]s undersigned counsel appreciated this Court's verbal ruling, the Court's calculations included $2,850.00 for the first half of December of 2013." *R. 77.* Marine Surveys then correctly states that Plaintiff did not challenge that he was paid his salary, $2850.00, for the first half of December of 2013. *Id.* Marine Surveys is not correct, however, in asserting that the Court should deduct the $2850.00 from the Judgment. Because Plaintiff did not contest that he was paid for the first half of December, 2013, he did not include that amount in Exhibit 31, which the Court held correctly represented the amount of salary owed to Plaintiff.[3] As the Court did not include any amount of unpaid salary owed for the first half of December, 2013 in its Judgment, there is nothing to deduct.

Finally Marine Surveys contends that the Court should re-consider the checks evidenced in Exhibits 7(b)–(g) and find that they were "loans." Marine Surveys attaches a newly produced affidavit of a bank employee, and states that it "did not know it was necessary

---

[3] Plaintiff's Exhibit 31, which defense counsel corrected and confirmed with Plaintiff on cross examination, provides that Marine Surveys failed to pay Plaintiff's salary from mid-2013 through December, 2014. *P's Exh. 31.*

to present contrary evidence [to the evidence adduced by Plaintiff]." *R. 77*. Marine Surveys also contends that the Court should find that it paid ½ of $7,908.94, or $3954.47, in health insurance premiums on behalf of Plaintiff during his employment. Marine Surveys again attaches a newly produced affidavit from its health care provider in support of its re-assertion that Marine Survey should receive a reduction in the Judgment for the medical insurance payments.[4] *R. 77-2, 77-3.*

A Rule 59(e) motion calls into question the correctness of a judgment. *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). Because of the interest in finality, Rule 59(e) motions may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Id*. at 478-79. Moreover, Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings. *See* id. at 479; *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010)("a motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued' ").

Marine Surveys' motion for new trial does not establish a manifest error of law or fact, or present newly discovered evidence. Rather, after the Court has ruled, Marine Surveys is seeking a second opportunity to present evidence on a point on which the evidence at trial

---

[4] The trial testimony stated instances in which Marine Surveys failed to pay its share of Bellot's health insurance premiums and lapses in coverage occurred. At trial, Marine Surveys provided no evidence other than Voorhies' testimony that it paid health insurance premiums during the months it did not issue Bellot a payroll check.

resulted in a finding against it. Marine Surveys' newly produced affidavits are inadmissible as they could, and should, have been introduced at trial before the Judgment issued. A Rule 59 motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet* at 478–79. The Court finds that Marine Surveys' has failed to raise any ground upon which its motion should be granted.  Accordingly,

      **IT IS ORDERED** that the Motion For New Trial filed by Marine Surveys is **DENIED**.

      **THUS DONE AND SIGNED** at Lafayette, Louisiana, this 21st day of April, 2016.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**